UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEM VIM YENOVKIAN (aka VEM MILLER YENOVKIAN),<br><br>Plaintiff,<br><br>v.<br><br>SONIA HELEN GULIAN,<br><br>Defendant. | Case No.: 21-CV-959 JLS (MDD)<br><br>**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>(ECF Nos. 1, 2) |

Presently before the Court are Plaintiff Vem Vim Yenovkian (aka Vem Miller Yenovkian)'s Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Mot.," ECF No. 2). Having carefully considered Plaintiff's Complaint, his IFP Motion, and the applicable law, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES** Plaintiff's Complaint **WITHOUT LEAVE TO AMEND**.

### *IN FORMA PAUPERIS* MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///

$402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015). Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

Here, Plaintiff's affidavit shows that he has no income. *See* IFP Mot. at 1–2. Plaintiff reports holding a checking account with a balance of approximately $4,000.00. *See id.* at 2. Plaintiff's monthly expenses of $7,080.00 exceed his monthly income and his checking account balance. *See id.* at 4–5. The Court therefore concludes that Plaintiff adequately has demonstrated that paying the $402 filing fee would result in his inability to afford the necessities of life. Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### I.   Standard of Review

Because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989). Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2 (D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action" (emphasis added). As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived'"; therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety") (citation omitted).

**II.  Plaintiff's Factual Allegations**

Plaintiff alleges that his ex-wife, Defendant Sonia Helen Gulian, and her parents, Zvart Gulian and Shahe Gulian, kidnapped his children, who were born and raised in Los Angeles, California, while he was working on a two-year contract in Toronto, Canada. Compl. at 2. "[Plaintiff] filed for a Hague Application for the children to be returned to their last place of habitual residence, which was unfortunately Toronto, Canada." *Id*. Plaintiff ultimately succeeded in having his children returned to Canada after twenty-two months of litigation in the courts of the United Kingdom. *Id*. Subsequently, however, "a

corrupt [Canadian] judge named Madam Akabarali returned the children back to the UK within 3 months of their return, ignoring the decision of the Hague Application." *Id.* Plaintiff claims that both Judge Akabarali and Canadian Prime Minister Justin Trudeau worked together "to prevent any form of justice within the Canadian courts" with regard to Plaintiff's case. *Id.*

Plaintiff does not indicate when the above-mentioned actions took place, other than noting that Judge Akabarali made a "decision to void me of any legal process in Canada . . . on September 11, 2018," and that his daughter's "mental health and presentation show a great decline in the last 4.5 years of being abused and removed from [Plaintiff's] life." *Id.* Plaintiff seeks to have his children returned to the United States and to have all future proceedings take place in the United States. *Id.* at 3. Plaintiff claims diversity jurisdiction, noting that Defendant lives in the United Kingdom and he is a citizen of the State of California. *See* ECF No. 1-1 (Civil Cover Sheet).

### III. Analysis

"Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)). A plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–183 (1936)). "This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action." *Wilkerson v. Butler*, 229 F.R.D. 166, 169 (E.D. Cal. 2005) (citing *McNutt,* 298 U.S. at 189; Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction")).

Plaintiff's Complaint is utterly devoid of any jurisdictional allegations. *See generally* Compl. This alone warrants dismissal of the Complaint. *See, e.g.*, *Wilkerson*,

229 F.R.D. at 169 (dismissing with leave to amend pro se complaint that failed to allege grounds for subject matter jurisdiction). However, even overlooking this deficiency, it does not appear, based on the facts presently alleged by Plaintiff, that this Court has subject-matter jurisdiction over this action.

There are two main bases for a district court's subject-matter jurisdiction: federal question jurisdiction and diversity jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). As to federal question jurisdiction, under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, Plaintiff's action does not appear to arise under the Constitution or any federal laws. As to diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." While the Complaint does not allege the citizenship of the parties, the Civil Cover Sheet indicates that Plaintiff is a citizen of the State of California and that Defendant is a citizen of the United Kingdom. *See* ECF No. 1-1. However, while the parties appear to be diverse, Plaintiff fails to allege that the amount in controversy exceeds $75,000, therefore warranting dismissal. *See Reule v. H.O. Seiffert Co.*, 430 F. App'x 584 (9th Cir. 2011) ("The district court properly dismissed Reule's state law claims for lack of diversity jurisdiction because she failed to allege facts establishing that the amount in controversy exceeded $75,000.").

Even were subject-matter jurisdiction technically proper under either federal question or diversity jurisdiction, however, a fundamental problem exists with Plaintiff's Complaint: the long-standing federal doctrine of abstention from cases primarily concerning domestic relations. "Ever since *In re Burrus*, 136 U.S. 586, 593–94, 10 S. Ct. 850, 852–53, 34 L. Ed. 1500 (1890), the federal courts have uniformly held that they should not adjudicate cases involving domestic relations, including 'the custody of minors.'" *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (citations omitted). The Ninth Circuit has held:

> The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

*Id.* (citation omitted).

Here, Plaintiff's Complaint, brought solely against his ex-wife, seeks to have his children returned to the United States. *See generally* Compl. Given that Plaintiff and Defendant apparently are divorced and their children were born and raised in Los Angeles, California, it is likely that a California state court already has considered and determined issues relevant to the present dispute; accordingly, this Court "[i]s aptly reluctant to put itself in the position of having to review the state courts' custody decision." *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987). Because "the case at its core involves a child custody dispute," abstention is appropriate. *Smith v. Cross*, 943 F.2d 55 (9th Cir. 1991).

In light of the foregoing, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's Complaint and that, even were that not the case, abstention is merited. Accordingly, dismissal of the Complaint is warranted pursuant to 28 U.S.C. § 1915(e)(2).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's IFP Motion (ECF No. 2) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) in its entirety as frivolous due to lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2) and in light of the abstention doctrine concerning domestic relations cases. Because leave to amend would be futile in light of the abstention doctrine, dismissal is **WITHOUT LEAVE TO AMEND**, *see Miller v. Penish*, No. 3:16-CV-3078-AJB-MDD, 2017 WL 1094083, at *5 (S.D. Cal. Mar. 23, 2017); however, dismissal is without prejudice to Plaintiff refiling his claims in state court. Further, the Court **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore would not be taken in good faith pursuant to 28 U.S.C.

/ / /

§ 1915(a)(3).  *See id.* (citations omitted).  Because this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

     **IT IS SO ORDERED.**

Dated:  May 21, 2021

                              Hon. Janis L. Sammartino
                              United States District Judge